UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| SHAWN ALLEN OBERDORF,<br><br>    **Plaintiff**,<br><br>v.<br><br>COMMISSIONER OF SSA,<br><br>    **Defendant.** | CIVIL ACTION NO. 7:24-77-KKC<br><br><u>OPINION AND ORDER</u> |

*** *** ***

This matter is before the Court on Plaintiff Shawn Oberdorf's Motion for Summary Judgement. (R. 10.) Oberdorf brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, DENIES Plaintiff's motion (R. 10) and AFFIRMS the Commissioner's decision.

## I. BACKGROUND

On May 13, 2020, Oberdorf filed his claim for SSI and DIB. At the time of his application for SSI and DIB, Oberdorf was forty-seven years old. Administrative Record (hereinafter "AR") 32. Oberdorf has a high school education, and he has past relevant work experience as a microcomputer support specialist, heating and air-conditioning installer repairer, and mechanic. (AR 33.)

Oberdorf's claim was denied initially on June 2, 2020 (AR 77), and again upon reconsideration on January 12, 2021 (AR 96). After a hearing held on November 18, 2021 the Administrative Law Judge ("ALJ") issued an unfavorable decision on January 18, 2022 (AR 98–117). Plaintiff appealed the decision, and on March 21, 2023, the Appeals Council issued

an order remanding the case back to the Administrative Law Judge for further proceedings. (AR 120–121.) On November 30, 2023, Oberdorf testified at a new hearing (AR 41-65), after which the ALJ issued an unfavorable decision on February 5, 2024 (AR 16-40). The appeals counsel denied review (AR 1–3.) This appeal followed.

## II. REVIEW PROCESS AND ALJ DECISION

### A. Standard of Review

This Court's review of the Administrative Law Judge's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. 97, 98, 103 (2019). The substantial evidence standard—more than a mere scintilla of evidence but less than a preponderance, *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)—is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding, which is itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152–53 (1999).

In reviewing the decision of the Commissioner, courts do not try the case de novo, resolve conflicts in the evidence, or assess questions of credibility. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Similarly, courts do not reverse findings of the Commissioner or the ALJ merely because the record contains evidence—even substantial evidence—to support a different conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Rather, courts must affirm the ALJ's decision if substantial evidence supports it, even if the court might have decided the case differently if in the ALJ's shoes. *See Longworth v. Comm'r of Soc. Sec.*,

402 F.3d 591, 595 (6th Cir. 2005); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## B.  ALJ Process

To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps are:

*Step 1*: If the claimant is doing substantial gainful activity, the claimant is not disabled.

*Step 2*: If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

*Step 3*: If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

*Step 4*: If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

*Step 5*: If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that

3

accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* 20 C.F.R. § 404.1520(g)(1).

### C. ALJ Decision

In denying Oberdorf's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act 20 C.F.R. § 404.1520(a)-(e).

At step one, the ALJ determined that Oberdorf has not engaged in substantial gainful activity since March 4, 2020, the alleged onset date. (AR at 22.)

At step two, the ALJ determined that Oberdorf suffers from the following severe impairments: arthritis; tinnitus; diabetes mellitus (type 2); headaches; post-traumatic stress disorder ("PTSD"); major depressive disorder; generalized anxiety disorder; obesity; and degenerative disc disease (20 CFR 404.1520(c)). (AR at 22.)

At step three, the ALJ found that Oberdorf does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 23.)

Before proceeding to step four, the ALJ determined that Oberdorf has the residual functional capacity (RFC) to perform "light" work as defined by 20 C.F.R. § 404.1567(b) with the following limitations:

> He is able to push/pull with the upper extremities frequently; push/pull with the bilateral lower extremities occasionally; frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds; frequently stoop; occasionally kneel and crouch, but never crawl; occasionally overhead reach; must avoid concentrated exposure to extreme cold, humidity, vibration, loud noise; must avoid even occasional exposure to the hazards of moving machinery and unprotected heights; occasional interaction with others; only occasional changes in the work setting; no hourly quota work; and he requires a cane for ambulation.

(AR at 24-25.)

At step four, the ALJ found that Oberdorf is unable to perform any past relevant work under 20 CFR 404.1565. (AR at 32.)

At step five, the ALJ determined that, given Oberdorf's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform and, thus, is not disabled. (AR at 33-34.)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied Oberdorf's request for review. *See* 20 C.F.R. § 422.210(a); (AR 1–3). Oberdorf has therefore exhausted his administrative remedies and filed a timely appeal in this Court.

### III.  ANALYSIS

Oberdorf challenges the ALJ's ruling arguing that the ALJ's RFC determination is not supported by substantial evidence because the RFC fails to account for any limitation imposed by his severe headache impairment. Oberdorf specifically cites as error the ALJs lack of discussion of his headaches in the RFC discussion at step four. (R. 10 at 5.) Oberdorf claims that the ALJ did not discuss the current frequency of his headaches, which still happen two to four times a month for two to three hours. Oberdorf further asserts that the ALJ did not address how the headaches would impact his work-related abilities. (*Id.*)

The ultimate decision of a claimant's RFC is made by the ALJ. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004); 20 C.F.R. 404.1546(c). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The ALJ's determination was supported by substantial evidence. A review of the ALJ's decision shows that she thoroughly and appropriately considered the claimant's subjective reports, the medical and non-medical evidence, and the opinions of various providers regarding Oberdorf's headaches. (AR at 30–31.)

When determining Oberdorf's RFC, the ALJ specifically addressed his headaches and determined that the treatment notes of his medical providers did not align with Oberdorf's testimony of the headaches' frequency and severity. (AR at 30.) The ALJ found the opinions of Drs. Mukherjee and Fister persuasive, as they both found that Oberdorf was able to do light work, notwithstanding his physical and mental ailments. Additionally, the ALJ took into consideration the fact that Oberdorf took Topamax for his headaches and that the medicine seemed to reduce the effects of the headaches. (AR at 27.)

Oberdorf is incorrect in his contention that the ALJ did not adequately explain her findings as to how the headaches were accounted for in the RFC. This is because "[a]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite to specific evidence does not indicate that it was not considered." *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004). By discussing plaintiff's objective findings, his reports to providers, the efficacy of his treatment, his daily activities, and prior administrative findings from state agency medical consultants, the ALJ built an accurate and logical bridge between the evidence and her conclusions. This is sufficient to meet the substantial evidence standard. Accordingly, Oberdorf's Motion (R. 10) is denied.

## IV. CONCLUSION

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby ORDERED that:

(1) The Plaintiff's Motion for Summary Judgment (R. 10) is DENIED;

(2) The decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(3) A judgment will be entered contemporaneously with this order.

This 31st day of October, 2025.



Signed By:

*Karen K. Caldwell*   KKC

United States District Judge

7